National Fire Insurance Company of Hartford, Connecticut, Appellant, v. Charles W. Selden and Lulu Selden, Appellees.

Opinion
filed September 12, 1931.

NORTH, LINSCOTT, GIBBONEY & NORTH and W. C. KANE, for appellant.

D. F. RUMSEY, for appellees.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On July 6, 1924, appellees placed a mortgage on certain lands, owned by them in Saline county, in favor of the First Trust and Savings Bank of Harrisburg, Illinois, to secure notes aggregating $3,600. Payments, amounting to $1,500, were subsequently made on the principal, and the interest paid in full to October 10, 1925.

On July 26, 1924, appellant issued its policy of insurance to appellees, upon the dwelling house and barn located upon the mortgaged premises, in the sum of $3,000, which policy was delivered to the said mortgagee, H. A. Murphy, vice president of the bank, having requested its issuance, and appellee, Charles W. Selden, having paid the premium. The premises insured were destroyed by fire on or about July 4, 1926.

The insurance policy provided the loss, if any, should be paid to the mortgagee, as its interest might appear, and also contained the following clauses:

"This policy, as to the interest therein of the said payee, as mortgagee (or trustee) only, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by the commencement of foreclosure proceedings, nor the giving of notice of sale relating to the property, nor by any change in the interest, title or possession of the property, nor by any increase of hazard."

"On payment to such mortgagee (or trustee) of any sum for loss or damage hereunder, if this Company shall claim that as to the mortgagor or owner, no liability existed, it shall, to the extent of such payment, be subrogated to the mortgagee's debt, but without impairing the mortgagee's (or trustee's) right to sue; or it may pay the mortgage debt and require an assignment thereof and of the mortgage."

On April 7, 1927, appellees began an action at law, upon the policy, to recover for the loss sustained by the fire.

On February 10, 1927, said mortgagee assigned the notes and mortgage to one Wilson Gray, a soliciting agent for appellant, and he in turn, on October 8, 1927, duly assigned the same to his principal, who filed its bill to foreclose the mortgage on November 12, 1927.

By leave of court, the bill of complaint was amended; appellees answered the bill as amended, and filed a cross-bill which was answered by appellant. The cause was referred to the master in chancery to take and report proofs. Upon the filing of the master's report, the cause was heard before the chancellor, who decreed that the original amended bill be dismissed for want of equity. Appellees dismissed their cross-bill before the entry of said decree.

Appellant urges three grounds for reversing the decree. That its payment of the notes and mortgage to the mortgagee, and taking an assignment therefor, gave it the right to foreclose the said mortgage; also, that the premises were not occupied at the time of the fire; and that suit thereon was not brought within six months of the loss; both of which last stated propositions were required by the terms of the policy.

The clause giving appellant the right (where it denied liability to the mortgagor), to pay the loss of the mortgagee, and be subrogated to its rights, to the extent of the payment, or to pay the mortgagor's debt

and require an assignment of same, together with the mortgage securing it, have been held to be valid and enforceable provisions of a policy of fire insurance. *Clark v. Trainor*, 237 Ill. App. 269.

The proof shows that appellant disputed its liability to appellees; recognized its obligations to the mortgagee; paid to it the mortgagor's debt, and took an assignment of the notes and the mortgage securing same. This it had a right to do by the terms of the policy, and having done so, became the owner of such notes and mortgage, with a right to enforce the payment of the debt by any lawful means, the principal and most effective of which was a suit for foreclosure. Hence we are of opinion that appellant was entitled to file and prosecute its bill for foreclosure, subject, of course, to any just set-offs, deductions or counterclaims on the part of appellees, which were properly pleaded and proven.

Appellees did not sue at law, for the damage sustained, until about nine months after it occurred. They were required by the terms of the policy to do so within six months of the loss. They seek to avoid the effect of this condition by claiming that appellant's conduct was such as to induce in them a belief that it had waived such requirement, and that it is now estopped to claim the benefit of said provision.

Appellee, Charles W. Selden, testified that D. E. Cavender, an agent of appellant, told him, at different times within the six months following the fire, that the loss would be adjusted. This is denied by Cavender. It appears from the proof that Cavender was what is known as a soliciting agent. His only authority was to receive and transmit, to his principal, applications for insurance, together with money and notes received as premiums, and that he was not empowered to negotiate or make adjustments.

An agent of this character has no right to waive provisions and conditions of a policy of insurance, and cannot, by assuming such power, bind his company, unless he has been held out by his principal, as such agent, under circumstances that would warrant the insured in believing he had the authority assumed. *Pardon v. Wasvary,* 249 Ill. App. 327.

There is nothing in the evidence to indicate that the appellant had ever held Cavender out as possessing such power. Even if Cavender did make the statements as claimed, they were unauthorized and had no binding effect on appellant.

No adjuster or person with right to make settlement, ever talked or communicated with Selden, regarding his loss; in fact practically all, relative to a consideration of the fire and resultant loss, was between Murphy, vice president of the mortgagee bank, and the agents of appellant.

From a careful consideration of the testimony of Mr. Murphy, it appears that his negotiations with appellant were for the purpose of securing to the bank its loss, and not that it was in the interest of, or for, the mortgagors. True, he told Selden he thought he could make a collection in the matter. It does not appear when this occurred, whether before or after the expiration of the six months' limitation for bringing suit. The fact that Murphy was trying to secure an adjustment of the bank's loss, placed him in a position antagonistic to that of appellant, and negatives any inference that he was acting for the insurance company.

The appellees, by setting up this matter of waiver or estoppel as an affirmative defense, assumed the burden of establishing same by the greater weight of the evidence. In our judgment they have failed to make such degree of proof.

The determination of the foregoing propositions decides the case, and it is not necessary to consider the remaining point urged, namely, whether the premises were occupied at the time they were destroyed.

The decree is reversed and the cause remanded to the circuit court, with directions to enter a decree of foreclosure in favor of appellant.

*Reversed and remanded with directions.*