ASA ALLEN *vs.* WATERTOWN FIRE INSURANCE COMPANY.

Norfolk.  Jan. 18. — March 3, 1882.  LORD, FIELD & C. ALLEN, JJ., absent.

If a policy of insurance against fire upon mortgaged premises, payable in case of
loss to the mortgagee as his interest may appear, provides that the policy shall
be void if the premises become vacated, and that the insurance, " as to the inter-
est of the mortgagee only therein," shall not be invalidated by acts of the mort-
gagor, and that, when a loss after a forfeiture is paid to the mortgagee, the
insurance company shall be subrogated to his rights under the mortgage to the
extent of such payment, and may pay the full amount of the debt to the mort-
gagee and shall thereupon receive an assignment of the mortgage, and a loss by
fire occurs while the premises are vacant, and, upon payment by the company
to the mortgagee of the amount due on the mortgage, the latter assigns the
same to the company, a second mortgagee and owner of the equity of redemp-
tion of the first mortgage cannot redeem the premises from the first mortgage,
without paying to the company the full amount of the debt secured by that
mortgage.

BILL IN EQUITY, filed October 29, 1880, to redeem land from
a mortgage.

The bill alleged that, on August 1, 1879, the defendant cor-
poration, through its agent in Newton, issued to John Schools,
on payment of a certain premium, a policy of insurance against
fire in the sum of $1600 upon certain premises in Medway, owned
by Schools and subject to a mortgage of $1500 to Margaret
Houghton, dated July 19, 1876, payable in case of loss to the
mortgagee as her interest might appear; that the policy pro-
vided that it should be void if the insured premises should be-
come vacated without the consent of the company, and further
that the insurance, " as to the interest of the mortgagee only
therein," should not be invalidated by any act or neglect of the
mortgagor, and that, when a loss after a forfeiture is paid to the
mortgagee, the company should be subrogated to the rights
of the mortgagee under the mortgage to the extent of such
payment, and might pay the full amount of the debt to the
mortgagee, and should thereupon receive an assignment of the
mortgage; that, on June 5, 1880, the buildings insured were
destroyed by fire, and at the time were vacant and unoccupied;
that Schools duly proved his loss, and his proofs of loss were
accepted by the defendant, and it was afterwards agreed between
them that the amount of the loss was $1200; that, on September

25, 1880, Houghton executed and delivered to the defendant an assignment of her mortgage, and the defendant paid to her the amount of the same, with interest, amounting to $1690; that, on June 17, 1879, the plaintiff lent Schools $700, and he executed and delivered to the plaintiff a mortgage of said premises, and, on October 27, 1880, Schools executed and delivered to the plaintiff a deed of his equity in the premises, and the mortgage and equity are now owned by the plaintiff; that the plaintiff tendered to the defendant the difference between the amount of its mortgage and interest accrued and any legal charges thereon, and the amount agreed upon as the loss by fire under the policy, and requested the defendant to discharge and cancel the mortgage, and surrender the note secured thereby, and release and discharge its claim thereunder; and that the defendant refused so to do, unless the plaintiff would pay the full sum of its mortgage and interest accrued, and any legal charges thereon.

The prayer of the bill was for an account; that the plaintiff might be permitted to redeem the premises by paying the amount tendered; that the defendant might be ordered to cancel and discharge its mortgage and release the claim thereby secured; and for further relief. The defendant demurred to the bill for want of equity.

Hearing before *Endicott*, J., who entered a decree sustaining the demurrer and dismissing the bill; and the plaintiff appealed to the full court.

*G. A. Torrey*, for the defendant.

*G. C. Travis*, for the plaintiff.

W. ALLEN, J. The plaintiff relies upon the case of *Graves* v. *Hampden Ins. Co.* 10 Allen, 281. In that case, a mortgagor, who had agreed to keep the buildings on the mortgaged premises insured for the benefit of the mortgagee, procured of the defendant a policy of insurance payable to the mortgagee in case of loss, which contained the provision that, if the title of the property should be in any way changed, the risk should determine, and also the provision that "no sale of the property shall affect the right of the mortgagee to recover in case of loss under the policy." After the title of the property had been changed by a conveyance by the mortgagor, the buildings were burned. The defendant paid the mortgagee the amount of his

debt, which exceeded the amount of the loss, and took from him an assignment of the mortgage. The purchaser of the equity of redemption brought a bill to redeem, and the question was whether the amount of the loss was to be applied in part payment of the mortgage debt. And the court held that it should be, for reasons set out at large in the opinion by Mr. Justice Dewey. The reasons, stated briefly, were, that the policy was procured by the mortgagor at his cost, and was one which he might cause to be enforced for his benefit, and the avails applied first to discharge his debt, and the surplus to be paid to him; that he had lost the right to the surplus over the debt by his alienation, but his right to have the amount of the loss applied on the mortgage debt was preserved by the provision that no sale of the property should affect the right of the mortgagee to recover. The court say: " He (the mortgagee) might undoubtedly have enforced this indemnity against loss to the extent of his mortgage, but the question is, can he be compelled to do it by the plaintiff? Does the fact that he might recover for this loss to the amount of his mortgage debt operate to require him to do so, and to cancel his mortgage debt to the amount he is thus entitled to receive? " " Has the plaintiff any such interest in the policy that he can require this? " That after the loss the mortgagee had " an absolute right to receive $2500 from a source which the mortgagor and the owner of the equity had provided as a means, in a certain event, of paying that amount upon the mortgage. Having this available fund thus provided by the mortgagor and those succeeding to his rights, and the contingency having happened upon which he was to receive it, we think it must be held to be his duty to receive it and apply it to the payment of the debts secured by the mortgage."

The policy in the case at bar seems to have been drawn expressly to meet the decision in *Graves* v. *Hampden Ins. Co.* After specifying matters which shall render the policy void, it provides that the insurance, " as to the interest of the mortgagee only therein," shall not be invalidated by acts of the mortgagor, and that, when a loss after a forfeiture is paid to the mortgagee, the company shall be subrogated to his rights under the mortgage to the extent of such payment, and may pay the full amount of the debt to the mortgagee and require an assignment

of the mortgage. In other words, the policy provides that the amount due for a loss after a forfeiture shall not be a fund for the payment of the mortgage debt, but that, upon payment of the loss, the mortgage shall be a fund for the reimbursement of the defendant. The contract is, that after a forfeiture the insurance shall be exclusively for the benefit of the mortgagee; that the mortgagor and those claiming under him shall have no beneficial interest in the policy, and that payment to the mortgagee shall not discharge the mortgage, but subrogate the defendant to the mortgagee's right in it. It was a contract which the parties were competent to make, and we know no reason that they should not abide by it. The plaintiff cannot redeem the mortgage without paying the full amount of the debt. *Davis* v. *Quincy Ins. Co.* 10 Allen, 113. *Springfield Ins. Co.* v. *Allen*, 43 N. Y. 389. *Foster* v. *Van Reed*, 70 N. Y. 19. *Thornton* v. *Enterprise Ins. Co.* 71 Penn. St. 234. *Honore* v. *Lamar Ins. Co.* 51 Ill. 409. *Ulster County Savings Institution* v. *Leake*, 73 N. Y. 161.                    *Decree affirmed.*