[No. 1893, September 9, 1916.]
BRADSTREET v. GILL et al.

SYLLABUS BY THE COURT.

1. As between the vendor of mortgaged premises and the vendee who assumes and agrees to pay the mortgage debt, the latter becomes the principal debtor and the former be-.

Bradstreet v. Gill, 22 N. M. 202.

comes his surety.  But as between them and the mortgagee, they both remain principal debtors.  .                P. 205

2.  A finding of fact sustained by substantial evidence will not be disturbed.                              P. 205

3.  Relate to the facts.                              P. 206

Appeal from. District Court, Chaves County; G. A. Richardson, Judge.

Action by Lionel H. Bradstreet against John B. Gill and another.  From a judgment for plaintiff, defendant appeals.  Affirmed.

R. D. BOWERS of Roswell, for appellants.

U. S. BATEMAN of Roswell, for appellee.

## OPINION OF THE COURT.

PARKER, J.—Plaintiff, appellee, brought an action to foreclose a mortgage.  The note for which the mortgage was given as security was executed by the defendant and appellant Swann.  After the execution of the mortgage the defendant Swann conveyed the premises to the defendant Gill, who "assumed and agreed to pay" said note. Later defendant Gill conveyed the premises to other parties who assumed and agreed to pay the said note.  On March 13, 1914, prior to the institution of the action, appellee executed a writing to the effect that he agreed with appellant Gill to extend the loan secured by the mortgage until April 1, 1916, on condition that the interest be promptly paid on each semi-annual interest period, and if the interest should not be paid promptly, as agreed, then the agreement to cease.  It appears that this paper represented only a part of the agreement between appellee and appellant Gill, and that in addition thereto, it was agreed at that time that appellant Gill should pay $150 past-due interest on the mortgage debt, and that he should give additional security on other lands.

It further appears that appellant Gill shortly thereafter found that it would be impossible for him to give the additional security, and that he so informed appellee and offered to return the extension agreement, requesting a return of the $150 paid by him, or offered to permit the appellee to retain the $150 if the latter would consent to the extension without the additional security. Appellee refused to either return the $150 or to stand by the extension agreement. There is conflict in the testimony as to whether this extension agreement was ever delivered to the appellant Gill. Appellee testified that he caused the same to be prepared, and, after signing the same, left it with his attorney in Roswell upon the express understanding that it was not to be delivered until the additional security, mentioned above, was forthcoming. The attorney, through oversight, delivered the same to the appellant Gill. Upon this subject the court found, upon conflicting evidence, that the extension of time for the payment of the mortgage debt was never made, and that the contract of extension was delivered to the appellant Gill by mistake of the person in whose custody it had been left, brought about by hurry and press of business; that the negotiations between the appellee and appellant Gill never became executed because the said Gill failed to give the additional security that had been agreed upon between them; that the $150 paid by the appellant Gill to the appellee was for past-due interest, and was paid as such interest, for the payment of which interest said appellant Gill at the time was legally bound.

About 60 days after the failure of the negotiations between the parties concerning the extension, the appellee brought this action, but there had intervened between the time of the payment of the $150 no semi-annual interest payment date, although the principal of the note was then past due.

Appellant Gill answered and set up the extension agreement, and alleged that by reason thereof the suit was prematurely brought; that by reason of the sale of the premises by him to other parties, he was a mere surety and was not primarily bound to pay the $150 which he did

pay appellee for said extension agreement; that the refusal of the appellee to return to him the $150, when he learned that Gill was unable to give the additional security agreed upon, constituted an estoppel against the appellee to say that said extension agreement was not valid and binding.

Appellant Swann answered and set up that he, having sold said premises to appellant Gill, who assumed the indebtedness, became a mere security, and by reason of the extension of time between appellee and appellant Gill, without the knowledge or consent of said Swann, he was released from personal liability. Appellee denied that Gill was merely a surety, and denied all of the allegations of Gill's answer in regard to the estoppel, except that he admitted that he refused to return the $150, and denied appellant Swann's plea of release from personal liability.

[1] Appellants' first proposition is to the effect that appellants, Gill and Swann, were sureties, and therefore secondarily liable to pay the debt secured by the mortgage; the primary obligation being upon the persons who had purchased the land from Gill and had assumed and agreed to pay the debt; therefore at the time appellee and appellant Gill agreed upon the extension, and Gill paid the $150, the amount of past-due interest, Gill was only secondarily liable for such interest. We fail to understand the application of this proposition. While it is no doubt true that, as between the vendor and a vendee of mortgaged property, where the vendee assumes and agrees to pay the incumbrance, the vendee becomes the principal debtor and the vendor becomes his surety. But how the holder of the mortgage can be compelled by the contract of third persons to recognize this new relationship we do not understand. So far as the appellee is concerned, the two appellants were both principal, debtors, and he had a right to take a deficiency judgment against such. See 27 Cyc. 1352 (c), 1356 (e), and cases there collected; 2 Jones on Mortgages (7th ed.) §§ 760a-762.

[2] The second point made by appellants is that the extension agreement was a valid agreement under the cir-

cumstances, and the court erred in holding that the same was invalid. A complete answer to this proposition is that the court found as a matter of fact that the extension agreement was never ·delivered and never became an executed contract between the parties. This he found upon substantial evidence, and under the well-recognized rule in this jurisdiction, his finding will not be disturbed. Therefore, so far as this case is concerned, there was no agreement for an extension, and the whole argument upon this second point fails. As a part of the argument under this point is further urged that the court should have held that there was an extension agreement because the appellee kept the $150. It is urged that the testimony shows that this $150 was a part of the consideration for the extension agreement, and that if the appellee elected to retain the same he must perform his part of the contract. The trouble with this argument is that the court found, upon substantial evidence, that this $150 was not a part of the consideration for the extension, but was for the payment of past-due interest, and was so accepted and received by the appellee. The consideration for extension, as it appears from the record, was the agreement to thereafter pay the semi-annual interest promptly when due and to give additional security. The appellant Gill having failed to give this security, the contract of extension never became executed.

[3] The appellant Swann urges that he, by his sale to appellant Gill, and the latter's assumption of the indebtedness, became a surety for appellant Gill, and that therefore the extension agreement made without his knowledge or consent released him from further liability. The trouble with this argument is that there was no extension agreement, and, consequently, if Swann was a surety for Gill, he was not released, and, as between him and appellee, he was not a surety, but was a principal debtor.

Appellants complain of the action of the trial court in allowing the appellee to file a supplemental complaint in the cause after the occurrence of the next semi-annual interest date. It is argued that this was improper to thus

bolster up a complaint which had been prematurely filed on account of the fact that there had been no default in the payment of interest at the time of the filing of the original bill. There is no merit in this contention. The mortgage was past due, and the appellee, under the terms of the instrument, was authorized at the time he filed the complaint to maintain the bill. The supplemental bill, so far as we can see, was entirely unnecessary and in no way prejudiced the right of the appellants.

It follows that the decree of the court below was correct, and should be affirmed, and the cause remanded for such further proceedings, if any, as may be necessary or proper; and it is so ordered.

ROBERTS, C.J., and HANNA, J., concur.