Mary Clark et al., Appellants, v. Nellie Trainor et al., Appellees.
National Fire Insurance Company, Appellee, v. Mary Clark et al., Appellants.

Gen. No. 7,439.

1. INSURANCE—*validity of provision subrogating insurer to rights of mortgagee.* Neither positive law nor considerations of public policy prevent the making and enforcing of a provision in a fire insurance policy that whenever the insurer shall pay the mortgagee any sum on account of a loss and shall claim that, as to the mortgagor, no liability exists, the insurer shall be subrogated to the mortgagee's rights and securities.

2. INSURANCE—*subrogation of insurer to rights of mortgagee.* The insurer is entitled to be subrogated to the rights of a mortgagee, to the extent of a payment made by it to such mortgagee, under the provisions of a fire insurance policy that the interests of the mortgagee shall not be invalidated by any act or neglect of the mortgagor or owner and that, on payment to such mortgagee of any sum for loss or damage, if the insurer shall claim that as to the mortgagor no liability exists, it shall be subrogated to the mortgagee's debt to the extent of such payment.

Appeal by complainants and cross-defendants from the Circuit Court of Winnebago county; the Hon. EARL D. REYNOLDS, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed March 27, 1925.

I. J. MONAHAN and DAVID D. MADDEN, for appellants.

FISHER, NORTH, LINSCOTT & GIBBONEY, for appellees.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

Nellie Trainor was the owner of a 61-acre farm in Laona township in Winnebago county, Illinois, and on June 5, 1922, she, together with her husband, George Trainor, executed two promissory notes, one for the sum of $4,500 and one for $135 and secured the same by two trust deeds to one E. C. Stokburger. On the 9th day of September, 1922, the National Fire Insurance Company of Hartford, Connecticut, insured the said Nellie Trainor against loss or damage by fire to the amount of $1,000 on a two-story frame dwelling house on said farm, and attached a mortgage clause to the policy providing that the "loss, if any, payable to first and second trust deeds to E. C. Stokburger, trustee, * * * as such interest may appear."

In the policy of insurance among other things it is provided that:

"If, without the consent of one of the Officers of this Company, its Manager at Chicago, Illinois, or the Manager of its Forest City Insurance Agency at Rockford, Illinois, endorsed hereon, the insured has or shall hereafter obtain any other insurance (whether valid or not) on the property hereby insured, or any part thereof; or if the above mentioned buildings, or any part thereof, shall be occupied or used except as herein stated, (necessary repairs and alterations allowed) or become vacant or unoccupied or uninhabited and so remain for a period exceeding ten days; or if the risk be increased by the erection of adjacent buildings, or by any other means whatever; or if any encumbrance, by mortgage or otherwise, has been, or shall be executed on the property hereby insured, or any part thereof; or if foreclosure proceedings shall be commenced; or if any change takes place in the title, possession or interest of the insured in said property, or if the insured shall not be the sole

and unconditional owner of said property, both at law and equity; or if this Policy shall be assigned, then, in each and every such case, this Policy shall be void. * * *

"This Policy, as to the interest therein of the said payee, as mortgagee (or trustee) only, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property nor by the commencement of foreclosure proceedings, nor the giving of notice of sale relating to the property, nor by any change in the interest, title or possession of the property, nor by any increase of hazard. * * *"

The mortgage clause attached as a rider to the said policy of insurance provides as follows:

"On payment to such mortgagee (or trustee) of any sum for loss or damage hereunder, if this Company shall claim that to the mortgagor or owner, no liability existed, it shall, to the extent of such payment be subrogated to the mortgagee's (or trustee's) right of recovery and claim upon the collateral to the mortgage debt, but without impairing the mortgagee's (or trustee's) right to sue; or it may pay the mortgage debt and require an assignment thereof and of the mortgage."

The record further discloses that in September, 1922, the said Nellie Trainor and George Trainor, her husband, made their promissory note for $1,000 payable to one Andrew McLeish, and executed a mortgage to the said Andrew McLeish on said farm to secure the same. This mortgage was foreclosed at the April term, 1923, of the circuit court of Winnebago county, and the equity of said Nellie Trainor and her said husband sold to satisfy the same. The record shows that during the latter part of the month of March or the fore part of April, 1922, the dwelling house on said premises was vacated and remained vacant until it was consumed by fire on October 20, 1923.

Mary Clark, the complainant in the original bill, being the owner of the two said notes secured by trust deeds to the said E. C. Stokburger, trustee, on the 19th day of December, 1923, filed her bill in the circuit

court of the said county of Winnebago, to foreclose the same, and the National Fire Insurance Company of Hartford, Connecticut, filed its intervening petition and by leave of the court its cross-bill alleging that it is engaged in the fire insurance business; that on the 8th day of December, 1922, an application was made to it for a policy of fire insurance on a dwelling house and pursuant to said application it, on the 9th day of September, 1922, issued its policy number 294,217, insuring among other things the dwelling house belonging to the said Nellie Trainor, and attaching to said policy a rider clause; that prior to the issuing of said policy one E. C. Stokburger was a trustee named in two trust deeds, both executed by the said Nellie Trainor and her husband, the first securing an indebtedness of $4,500 and the second securing an indebtedness of $135; that in and by the said rider attached to the said policy, it is provided that loss, if any, shall be payable to one E. C. Stokburger, trustee; that on or about the 20th day of October, 1923, the dwelling house insured in the said policy was completely burned and consumed by fire; that the said Nellie Trainor, without its knowledge or consent, had placed a mortgage on said premises, including the dwelling house, in the sum of $1,000, which had been foreclosed and a sale had thereon; that the said E. C. Stokburger, trustee, was not made a party to said foreclosure proceedings; that it was a part of the contract between it and the said Nellie Trainor that if the said dwelling house should become vacant, unoccupied or uninhabited and so remain for a period exceeding 10 days, or if any incumbrance by mortgage or otherwise has been or shall be executed on the property insured or any part thereof, or if foreclosure proceedings shall be commenced, or if any change takes place in the title, possession or interest of the said Nellie Trainor in the said dwelling house or property insured, or if the said Nellie Trainor shall not be the sole and unconditional owner of said property

Clark v. Trainor, 237 Ill. App. 269.

both at law and in equity, without the consent of its officers, the said policy is to be void; that the said Nellie Trainor moved out of the dwelling house mentioned in said policy on or about April 1, 1923, and abandoned the premises; that the said dwelling house was not occupied or inhabited at the time it was burned and had not been so occupied or inhabited for more than 10 days prior thereto with the knowledge or consent of its officers; that the said Nellie Trainor did incumber by mortgage the property insured in its policy and foreclosure proceedings were commenced and a change took place in the title, possession and interest of the insured in said property, all without notice to it; that it has offered to pay E. C. Stokburger, trustee, the sum of $1,000 upon condition that the said Stokburger, trustee, or his *cestui que trust* should assign to it a two-ninths interest in the said trust deed; that the said Stokburger refused so to do; that it is able, ready and willing to pay into court the said sum of $1,000 upon condition that the said E. C. Stokburger, trustee, would set over and assign to it a two-ninths interest in the collateral or trust deed. Mary Clark, the complainant in the original bill and E. C. Stokburger, trustee, were each parties defendant in the cross-bill. Then follows the prayer of the cross-bill.

The cross-bill was answered and upon the hearing of the cause the court found that there was due to the complainant for principal and interest on said notes the sum of $4,823.05 and the sum of $291.10 as her reasonable solicitor's fee, and entered a decree directing the National Fire Insurance Company, the cross complainant, to pay to the said E. C. Stokburger, trustee, the sum of $1,000 upon the said E. C. Stokburger and his *cestui que trust* assigning to the said cross complainant a 100,000/482,305 interest in the proceeds of the sale of said premises. To the entering of the said decree the complainant Mary

Clark and the defendant E. C. Stokburger excepted and prosecute this appeal.

The question involved upon this record is whether or not the National Fire Insurance Company, the cross complainant, by paying the loss shall, to the extent of such payment, be subrogated to the mortgagee's or trustee's right of recovery and claim upon the collateral to the mortgage debt, and a decision of this question involves the legal construction of the insurance policy in question with the mortgage rider attached.

The facts are not in dispute.. It is conceded that neither the cross complainant, the said E. C. Stokburger nor his *cestui que trust*, in this case the mortgagee and the complainant in the original bill, had any knowledge of the mortgage to Andrew McLeish, the foreclosure and sale, or the vacancy of the premises.

It is the contention of appellants that the owner of an indebtedness secured by a mortgage or trust deed is entitled to insure all of the debt both principal and interest before the insurer is entitled to subrogation, and that in this case there is nothing in the policy in question or the mortgage clause attached thereto that changes the rule. The position assumed by appellants would deny the insurer the right to subrogation in the event the property did not sell for sufficient to pay the mortgage debt. It would enable the mortgagor, in this instance Nellie Trainor, to get indirectly the benefit of this insurance, the right to enforce which directly and affirmatively she had lost by her breach of the conditions of the policy. It would give to the mortgagor or the owner of the equity of redemption indirectly the full benefit of the insurance paid to the mortgagee, notwithstanding that because of the breach of the terms of the policy the mortgagor would have been unable to recover her loss from the insurer if the mortgage had been paid before the loss.

The policy of insurance involved in this case was

taken out by Nellie Trainor, and later the mortgage clause attached. It must be kept in mind that this was a fire insurance policy and did not purport to insure the investment. The trustee and his *cestui que trust* were bound by the mortgage clause and the mortgage clause is as much a part of the contract of the insurance as any other part.

Appellants cite cases and textbooks in support of their contention. In the cases relied upon by appellants no such mortgage clause appears as we have presented in this proceeding. The textbooks quoted from announce a general rule, but cannot be regarded as decisive of the question involved in the instant case, because the result of each particular case necessarily depends upon the language of the policy of insurance, and the mortgage clause attached thereto. It is not insisted by appellants that there was any liability on the part of the insurance company to the mortgagor. It is clear from what is disclosed from this record that the owner by her conduct had forfeited all rights she may have had under the terms and provisions of the policy. In fact if it were not for the expressed provision contained in the mortgage clause to the effect that it shall not be invalidated as to the trustee by any act or neglect of the mortgagor, there would be no liability on the part of appellee to any one. *Illinois Mut. Fire Ins. Co. v. Fix,* 53 Ill. 151.

It is not uncommon in policies of fire insurance to provide that whenever the insurer shall pay the mortgagee any sum on account of a loss, and shall claim that as to the mortgagor no liability exists, the insurer shall be subrogated to the mortgagee's rights and securities. The effect of the mortgage clause in this case is that from the time the policy becomes void as to the mortgagor, the insurance is only in favor of the mortgagee and on her interest as mortgagee, and not an insurance on the property generally, to which the mortgagor would be entitled. Neither positive law nor considerations of public policy prevent the

making or the enforcing of a contract provision of this sort. We see no reason why the parties were not at liberty to enter into such an agreement if they desired to do so.

In *Allen v. Watertown Fire Ins. Co.*, 132 Mass. 480, the policy provided that the insurance ''as to the interest of the mortgagee only herein,'' shall not be invalidated by the acts of the mortgagor; and that when a loss after a forfeiture was paid to the mortgagee, the company should be subrogated to his rights under the mortgage to the extent of such payment, and might pay the full amount of the debt to the mortgagee and receive an assignment of the mortgage. The court said: ''The policy provided that the amount due for a loss after a forfeiture shall not be a fund for the payment of the mortgage debt, but that, upon payment of the loss, the mortgage shall be a fund for the reimbursement of the defendant. The contract is that after a forfeiture the insurance shall be expressly for the benefit of the mortgagee; that the mortgagor and those claiming under him should have no beneficial interest in the policy and that payment to the mortgagee shall not discharge the mortgage, but subrogate the defendant to the mortgagee's right in it. It was a contract which the parties were competent to make, and we know no reason why they should not abide by it.'' To the same effect are *Eliot Five Cents Sav. Bank v. Commercial Assur. Co.*, 142 Mass. 142, and *Springfield Fire & Marine Ins. Co. v. Allen*, 43 N. Y. 389. The above rule is quoted approvingly in the case of *Badger v. Platts*, 68 N. H. 222. Under the subrogation clause, where the policy has become avoided as to the mortgagor, the insurer, upon paying the mortgagee a loss as to which no liability existed as to the mortgagor, is entitled to be subrogated to the right of the mortgagee and to securities given to secure the mortgage debt. *Insurance Co. of North America v. Martin*, 151 Ind. 209.

Where the insurance was effected by the mortgagor

in the first instance, the loss payable to the mortgagee, and the policy as to the mortgagor had by its terms become forfeited, the mortgagor has no longer a beneficial interest in the policy, and cannot compel the application on the mortgage debt of the amount due to or received by the mortgages upon a loss. *Insurance Co. of North America v. Martin, supra; Haley v. Manufacturers' Fire & Marine Ins. Co.,* 120 Mass. 293; *Allen v. Watertown Fire Ins. Co.,* 132 Mass. 480.

In *Hare v. Headley,* 54 N. J. Eq. 545, it is held that "an independent contract between the mortgagee of property, for whose benefit the owner insures it, and the insurer, that the insurance shall continue good as to the mortgagee, notwithstanding any forfeiture by the owner, and that, if any loss is paid the mortgagee under such circumstances, the insurer shall be subrogated to the rights of the mortgagee under the mortgage, is valid, though the owner does not know of it." And in Cooley's Briefs on the Law of Insurance, p. 3916, it is said: "A rule similar to that governing the insurance of the mortgagee's interest obtains where, either by the policy or by separate contract, it is agreed that a policy by its terms insuring a mortgagor, with the loss, if any, payable to a mortgagee, shall nevertheless be valid and binding as to the mortgagee in cases in which the insurance has been forfeited as to the mortgagor. Such policies, indeed, generally contain a special stipulation looking to an assignment to the insurer of the whole or a part of the securities held by the mortgagee, and paid by the insurer under a loss for which it was not liable to the mortgagor. Evidently, such a contract, so far as the right of subrogation is concerned, is a separate insurance of the mortgagee's interest as to any loss for which the company is not liable to the mortgagor, giving the mortgagor no right to claim a reduction of his debt by the payment to the mortgagee," citing, among many other authorities, *Hare v. Headley, supra.* In

the same volume, at page 3700, it is said: "A mortgagor has no interest in the proceeds of a policy insuring the mortgagee, taken out by the mortgagee to protect his own interest, or in which the interest of the mortgagor has been forfeited, leaving that of the mortgagee still in force," citing in support of this proposition, *Concord Union Mut. Fire Ins. Co. v. Woodbury*, 45 Me. 447; *McIntire v. Plaisted*, 68 Me. 363; *White v. Brown*, 2 Cush. (Mass.) 412; *Burlingame v. Goodspeed*, 153 Mass. 24.

If in the case under consideration the clause attached had provided, "loss, if any, payable to E. C. Stokburger, trustee, as his interests may appear," there would have been no liability on the part of appellee insurance company, but owing to the clause providing that as to the mortgagee or trustee said policy should not be avoided by the various acts of the insured, there exists a liability on the part of the company, subject only to the terms of said mortgage clause including the right of subrogation to the security held by said trustee or mortgagee.

In conclusion it will be observed that appellants contend for the same rights they would have had if the policy in question had not been forfeited as against the insured. If the policy was still in force as to the insured, the trustee would be entitled to recover from appellee the $1,000 and the balance from the property mortgaged or from the mortgagor, but where the mortgagor or insured has forfeited all right under the policy, the rights of the trustee or mortgagee are changed and under the wording of the mortgage clause in question when the insurer pays to said mortgagee or trustee any amount, said insurer is subrogated to the extent of such payment, to the rights of the mortgagee or trustee in the security so held for the payment of said debt. If this were not true, the clause in the mortgage rider attached would be meaningless.

In view of the terms of the policy and of the mort-

gage clause attached and in the light of the authorities cited herein, we are of the opinion that the decree entered by the court below is correct.   The decree of the circuit court of Winnebago county is affirmed.

*Decree affirmed.*