## No. 15,748.

### CAVE *v*. BELISLE.
(184 P. [2d] 869)

Decided September 15, 1947.

Mr. RAYMOND M. SANDHOUSE, for plaintiff in error.

Mr. MAX P. ZALL, for defendant in error.

In Department, before: MR. CHIEF JUSTICE BURKE, MR. JUSTICE JACKSON and MR. JUSTICE LUXFORD.

PER CURIAM.

THE statute of limitations is involved in this case, and the parties are aligned as in the trial court.

On March 2, 1926, plaintiff made and executed a deed of trust conveying to the public trustee of Logan county a parcel of land in said county to secure the payment of a note in the principal sum of $9,000.00 and interest thereon, payable in amortized installments, the last maturing in 1959. The deed of trust contained the usual provisions, including one for the payment of taxes and another that the holder of the note, upon default, might elect to declare the whole obligation due. October 7, 1930, plaintiff conveyed said parcel of land by warranty deed, to defendant subject to the aforesaid encumbrance, which defendant assumed and agreed to pay. Defendant failed to pay the indebtedness and the Denver Joint Stock Land Bank, holder of the note, to whom we hereinafter refer as the bank, elected to foreclose the security, and as a result the land was sold by the public trustee on May 26, 1930. After application of the proceeds of the public trustee's sale to the payment of said indebtedness there remained a balance due of $4022.05. Thereafter and on August 18, 1938, the bank commenced an action in the Denver district court against plaintiff and defendant herein to recover said sum. Defendant failed, refused and neglected to pay the amount for which suit was brought and plaintiff, on November 10,

1939, paid the bank the sum of $500.00 to obtain his release and discharge from any further liability in said suit. April 3, 1944, plaintiff instituted this action against defendant to recover said sum plus expenses. A motion by defendant for change of venue was granted, and the case was transferred for trial and was tried in the district court of Arapahoe county. At the close of plaintiff's case the court sustained defendant's motion for judgment and dismissal on the ground that the action was barred by the statute of limitations.

Plaintiff brings the case here and alleges as points for reversal that the court erred in granting defendant's motion for change of venue and in sustaining his motion for dismissal.

1. Venue. This case clearly seems to be one of the many undesignated actions comprehended in the expression, "In all other cases," found in Rule 98 (c) of our Rules of Civil Procedure, and since defendant was shown to have been a resident of Arapahoe county, and was served with process in that county, there was no error in granting the motion for change of venue to that county.

2. Statute of limitations. When plaintiff conveyed the parcel of land herein involved to defendant subject to the indebtedness covered by the trust deed, which defendant assumed and agreed to pay, the latter became the principal and plaintiff the surety in respect thereto. *Smith v. Davis*, 67 Colo. 128, 186 Pac. 519. Defendant defaulted in his payments under the terms of the note and trust deed, and the public trustee foreclosed the security and obtained a deficiency judgment for which the bank sued both plaintiff and defendant. November 10, 1939, plaintiff secured his release from all obligations connected with said suit by paying the bank the sum of $500.00. Within six years thereafter plaintiff brought this action against defendant to recover said sum plus expenses. The action was not barred by the six-year statute of limitations, because time for an ac-

tion of damnification does not begin to run until the payment or settlement of the debt. *Enos v. Anderson,* 40 Colo. 395, 93 Pac. 475.

■ Regardless of other remedies available to plaintiff which might have been barred by the statute, he elected to pursue this one, which was not so barred. This he had a right to do. *Graham v. Durnbaugh,* 44 Cal. App. 482, 186 Pac. 798; *Lappen v. Gill,* 129 Mass. 349; 41 C.J., p. 738, §790.

The judgment is reversed.

In this case acknowledgment is made of the gratuitous and valuable service of the Honorable Joseph H. Thomas, district judge, as referee under our Rule of June 9, 1947.