ANTHONY PALISANO, Plaintiff, *v.* BANKERS & SHIPPERS INSURANCE COMPANY et al., Defendants.

Supreme Court, Special Term, Erie County, October 22, 1948.

*Hugh McM. Russ* and *Grover R. James, Jr.,* for Bankers & Shippers Insurance Company, defendant.

*Daniel J. O'Neill* for plaintiff.

HALPERN, J. This case presents a novel question of construction under the standard form of fire insurance policy adopted in 1943 (L. 1943, ch. 671, amdg. Insurance Law, § 168). The new form of insurance policy eliminated the so-called "moral hazard" clauses which had formerly appeared in the New York standard form fire insurance policy. Among others, it omitted the provision that "if the interest of the insured be other than unconditional and sole ownership" or "if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance", the entire policy shall be void. It was explained by the chairman of the legislative committee which proposed the revision of the standard insurance policy that these clauses had been eliminated because it had been found that they had not served effectively to prevent the perpetration of fraud and that they had unjustifiably interposed technical obstacles to the enforcement of legitimate claims. An insured, intent upon defrauding an insurance company or contemplating an incendiary act, would see to it that the policies were in technically perfect order and that the exact nature of his interest was set forth in the policy and that any change of ownership was properly noted thereon. On the other hand, an innocent insured might fail to obtain a proper indorsement showing a qualification of his interest or a change of ownership, although in most cases, such indorsements could be obtained for

the asking. The principal effect of the clauses in the old standard form policy was thus to subject innocent persons, who failed to make the necessary request, to the risk of forfeiture of their policies. (See Report submitted in 1941 to the Joint Legislative Committee for the Revision of Insurance Law by Hon. R. Foster Piper, Chairman, on file in the Office of the Superintendent of Insurance; see, also, " The New Standard Fire Insurance Policy in New York ", 42 Col. L. Rev. 1227; " Insurance Law During the War Years ", Edwin W. Patterson, 46 Col. L. Rev. 345.)

Of course, the omission of the clause rendering the policy void upon a change of ownership did not affect the fundamental principle that the insurance policy was a personal contract between the named insured and the insurance company and that no other person could be substituted as an insured without the consent of the insurance company. Thus, if the named insured sold the property and parted with all interest therein without obtaining a suitable indorsement substituting the new owner as the insured, the insurance policy would cease to be operative, despite the omission of the change of ownership clause, because the person named as the insured would no longer have an insurable interest in the property.

The changes in the standard form fire insurance policy discussed above give rise to the interesting problem in this case. The circumstances of the case are as follows:

On or about November 16, 1945, George Golibersuch and Eugenia A. Golibersuch purchased a parcel of property in the town of Elma, Erie County, New York, and gave a purchase-money mortgage thereon in the amount of $2,900 to Clara Froschl. At the same time they procured a fire insurance policy in the amount of $3,000 from the defendant Bankers & Shippers Insurance Company. This policy was in the New York standard form.

Attached to the policy, there was the so-called " New York Standard Mortgagee Clause " providing in substance that the loss or damage, if any, under the policy should be payable to Clara Froschl as first mortgagee. The mortgagee clause further provided that: " This insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property  *  *  *.' '

The mortgagee clause concluded: "Whenever this Company shall pay the mortgagee (or trustee) any sum for loss or damage under the policy and shall claim that, as to the mortgagor or owner no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt * * * * "

The policy itself contained a similar provision with respect to payment to a mortgagee. It read: "If this Company shall claim that no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery, but without impairing mortgagee's right to sue; or it may pay off the mortgage debt and require an assignment thereof and of the mortgage. Other provisions relating to the interests and obligations of such mortgagee may be added hereto by agreement in writing."

Subsequently, on January 19, 1946, George Golibersuch and Eugenia Golibersuch conveyed the premises to the plaintiff, Anthony Palisano, subject to the outstanding mortgage held by Clara A. Froschl, which the plaintiff assumed and agreed to pay. In connection with this conveyance, the parties neglected to notify the insurance company of the change of ownership and to procure a suitable indorsement substituting the plaintiff as the named insured.

Thereafter on April 14, 1946, a fire occurred which partially destroyed the premises. The defendant insurance company paid the mortgagee the sum of $2,900 principal, in addition to accrued interest, on the mortgage and demanded and obtained an assignment of the mortgage. The assignment contained this provision: "This assignment is made in accordance with the provisions of the mortgagee clause of the New York standard fire insurance policy and the mortgagee clause is to be deemed a part of this instrument. The above named Bankers and Shippers Insurance Company of New York expressly denies all liability to the mortgagors George Golibersuch and Eugenia A. Golibersuch, his wife, or to the present owner of the premises, Anthony Palisano, at the time of taking this assignment."

The defendant insurance company made demand upon the plaintiff Palisano for the payment of the mortgage in accordance with its terms. The plaintiff refused to make any payment, contending that the mortgage had been fully paid and discharged by reason of payment of the proceeds of the insurance policy to

the mortgagee. The plaintiff brought this action to clear his title and to have it adjudicated that the mortgage is no longer a valid lien upon the property. The defendant insurance company answered, setting up the facts recited above as an affirmative defense and interposing a counterclaim, seeking judgment against the plaintiff in the amount of $2,900 and interest, upon the mortgage.

The defendant thereafter moved for summary judgment under rule 113 of the Rules of Civil Practice, asking that the complaint be dismissed and that judgment be awarded in its favor on the counterclaim.

I have concluded that the defendant's motion must be denied. As has been pointed out above, there is no change-of-ownership clause in the new standard form of insurance policy (which was used in this case), so that the policy did not become void by reason of the conveyance of the property by the Golibersuches to the plaintiff. The policy still remained a valid and enforcible policy, insuring the named insured, the Golibersuches, to the extent of any insurable interest which they had in the property. While they no longer had any title to the property, they still had an insurable interest therein by reason of their personal liability upon the bond and mortgage which they had given to Clara Froschl. As the Court of Appeals held in *Waring* v. *Loder* (53 N .Y. 581, 585) : " But the mortgagor had an insurable interest. When the mortgage was given he had the legal title to the land on which the insured building stood. When he sold the land, he had still an interest in the preservation of the property, in order that his debt might be paid out of it, the land as between him and his grantee being primarily charged with its payment. And this was, we think, an insurable interest within the cases."

When the insurance company paid the amount of the insurance policy to the mortgagee in this case, it not only performed its contract with the mortgagee, but it discharged an obligation which it owed to the named insured, the mortgagor.

The insurance company is not entitled to subrogation under the mortgagee clause, because the right of subrogation arises under that clause only if the company pays the mortgagee when it is under no obligation to the mortgagor. The company being under a duty to pay the mortgagor, for the reason indicated above, the subrogation provision of the mortgagee clause did not become operative.

If the insurance company were subrogated to the mortgagee's rights, it would have the right to enforce the mortgage against

the mortgagor and to compel him to pay the amount of the mortgage. This would be directly contrary to the provisions of the insurance policy under which the insurance company had agreed to insure the mortgagor, for a premium paid by him, and to assume the risk of loss or damages by fire.

It is true that the present owner of the premises, the plaintiff in this action, is not a party to the fire insurance contract, and could not have successfully maintained an action to compel the insurance company to make payment under the policy. However, the plaintiff is not seeking to enforce payment under the policy; payment has already been made by the insurance company and it is the plaintiff's contention that, so far as the mortgagee is concerned, the mortgage has been completely extinguished by payment (*Kernochan* v. *New York Bowery Fire Ins. Co.*, 17 N. Y. 428). This contention seems to me to be sound. It may be that the mortgagors (the plaintiff's grantors) may have a claim for reimbursement against the plaintiff upon the theory that the mortgage had been paid out of the proceeds of an insurance policy for which the mortgagors had paid the premium and that the situation is substantially the same as if the mortgagors had discharged the mortgage out of their own funds (Restatement, Security, §§ 104, 141). That, however, is a matter solely between the present owner and his grantors and is not involved in the present motion. It is mentioned here only to underline the point that if there is any claim against the present owner on the mortgage, it rightfully belongs to the mortgagors-grantors and not to the mortgagee. Therefore, the insurance company took nothing under the assignment of the mortgage by the mortgagee.

The defendant's motion should be denied. Submit order accordingly.