**Martha BARNES, Plaintiff,**

v.

**LITITZ MUTUAL INSURANCE COMPANY et al., Defendants.**

**Civ. A. No. 1539.**

United States District Court
S. D. Alabama, N. D.

Oct. 1, 1956.

Motion for Modification of Findings and Judgment or for New Trial Denied
Dec. 12, 1956.

W. W. Dinning of Lloyd & Dinning, Demopolis, Ala., for plaintiff.

Joseph S. Mead, Birmingham, Ala., for defendants.

THOMAS, District Judge.

Action to recover $4,200 on fire insurance policy by Martha Barnes, plaintiff, and assignee for value of note and mortgage and of mortgagee's rights in the fire insurance policy; submitted to Court, without jury, on complaint and answer, stipulation of facts, exhibits and briefs of the parties.

## Finding of Facts

A stipulation of the parties on file shows that:

1. On October 3, 1949, the defendant insurance companies issued the subject policy to George H. Jay in the amount of $5,000, for a total premium of $497.25, for a 5 year period, expiring on October 3, 1954. The full premium was paid in advance. The insured building, a commercial building in Demopolis, Marengo County, Alabama, burned on September 22, 1953, approximately 13 months before the policy expired.

2. The policy named D. F. Jacob as mortgagee, in a New York Standard Mortgagee Clause, which provided that no act of the mortgagor could invalidate the interest of the mortgagee, and that no change of title of the property could invalidate the interest of the mortgagee.

3. On November 8, 1949, an endorsement was added to the policy naming H. A. Feibelman as mortgagee, subject to all conditions of the policy, one of which being the above mentioned New York Standard Mortgagee Clause. Feibelman was the mortgagee in the mortgage of George H. Jay and wife dated October 22, 1949, and securing a debt of $7,000.

4. H. A. Feibelman died in 1951 in Demopolis; his Will left certain properties, including the subject note and mortgage and his interest as mortgagee in the subject fire insurance policy, to his Co-Executors, one of same being the Robertson Banking Company of Demopolis; his Will further provided that the named Co-Executors should also be his Co-Trustees, and provided for a continuing trust fund, to be financed from the said properties, including the subject note and mortgage, and giving broad powers of sale and disposition to said Co-Trustees.

5. On February 20, 1953, seven months before the fire, the subject note and mortgage were, by order of the Circuit Court of Marengo County, Alabama, in Equity, and in accordance with the provisions of Feibelman's Will, transferred by deed of said Co-Executors to said Co-Trustees.

6. By deed dated March 22, 1952, George H. Jay and wife conveyed subject building and lot to Elmer Russell Wood for $12,500 and the assumption and agreement by Wood to pay the subject note and mortgage in the amount of $7,000. By endorsement, the name of the insured owner of the property was changed from George H. Jay to Elmer Russell Wood.

7. On September 22, 1953, at approximately 6:30 P.M., in the office of Attorney Thomas Seay in Marion, Perry County, Alabama, Elmer Russell Wood and wife conveyed subject building and lot to W. E. Curb, the deed including as consideration the assumption of the $7,000 mortgage to Feibelman. Approximately 3½ hours later, on the same day, the building burned, the fire being of unknown origin (according to Chief of the Fire Department of Demopolis, it was caused by old and defective wiring); the fire caused $4,000 damage.

8. On March 11, 1955, W. E. Curb deeded the subject building and lot to John C. Barnes, Jr., and his mother, Margaret Coles Barnes for $6,500, and the assumption of the subject note and mortgage; at the same time, John C. Barnes, Jr., and his said mother mortgaged the property back to W. E. Curb, the plaintiff (wife of John C. Barnes, Jr.) joining in the mortgage merely to release her homestead right. The plaintiff secured no title in said property by the deed to her husband and her mother-in-law. On the same day, the plaintiff executed an instrument to W. E. Curb stating that she was in the process of buying the Feibelman mortgage and note and subordinating her future interest in same to her husband's and mother-in-law's mortgage to Curb, but providing that the Feibelman mortgage would otherwise remain in full force and effect. ($4,545.09 was still due on the Feibelman mortgage at that time.)

9. Plaintiff Martha Barnes paid the Robertson Banking Company and the other Co-Trustees under the Will of H. A. Feibelman the sum of $4,545.09 on April 18, 1955, for the subject note and mort-

gage, said sum being the total amount of principal and interest still due on said mortgage at that time; she received a written transfer of said mortgage and of all rights of the Co-Trustees of H. A. Feibelman as mortgagee in the subject insurance policy, and the subject insurance policy was delivered to her by said Co-Trustees.

10. The company received due notice of the fire.

11. The policy contained a provision allowing the insurance company subrogation to the rights of the mortgagee if the company claimed and proved that it had no liability to mortgagor or owner at the time of the fire.

12. Claims for payment under the policy were made on defendant insurers by W. E. Curb, Elmer Russell Wood, the Co-Trustees under the Will of H. A. Feibelman, and the plaintiff, Mrs. Martha Barnes. No payment has been made under the policy to any person.

## Conclusions of Law

1. The plaintiff, Martha Barnes, was the assignee and holder for value of all the rights formerly held by H. A. Feibelman as mortgagee, to the extent of the amount still due on the mortgage debt, and, as such, is entitled to the full protection of the New York Standard Mortgagee Clause.[1]

2. As mortgagee under the New York Standard Mortgagee Clause in the instant policy, the plaintiff, Martha Barnes, was entitled to recover from defendant insurance companies the full amount of the fire damage, stipulated at $4,000 together with legal interest. As stipulated, the amount still due on the mortgage debt was $4,545.09.

3. Insurers cannot have subrogation against property of persons who are not parties to the cause. A judgment will be entered in accordance herewith.

[1]. Palisano v. Bankers & Shippers Ins. Co., 193 Misc. 647, 84 N.Y.S.2d 637, affirmed 276 App.Div. 523, 95 N.Y.S.2d 543; Kernochan v. N. Y. Bowery Fire Ins. Co., 17 N.Y. 428; Waring v. Loder, 53 N.Y. 581; Norwich Fire Ins.

Cameron VESTAL and Mabel A. Vestal, Plaintiffs,

v.

GLENS FALLS INSURANCE COMPANY and The American Insurance Company of Newark, New Jersey, Defendants.

Civ. No. 558.

United States District Court
E. D. North Carolina, Wilson Division.

Dec. 12, 1956.

Thorp & Thorp, Rocky Mount, N. C., for plaintiffs.

Brooks, McLendon, Brim & Holderness, Greensboro, N. C., for defendants.

Co. v. Boomer, 52 Ill. 442; Lycoming Fire Ins. Co. v. Jackson, 83 Ill. 302; Lumbermen's Nat. Bk. v. Corrigan, 167 Wis. 82, 166 N.W. 650; Globe & Rutgers Fire Ins. Co. v. Rose, 8 Cir., 91 F.2d 635; Ocean Accident & Guarantee

Corp., Lt. v. Southwestern Bell Telephone Co., 8 Cir., 100 F.2d 441, 122 A.L.R. 133; Central Union Bank of South Carolina v. New York Underwriters Ins. Co., 4 Cir., 52 F.2d 823; Breeyear v. Rockingham Farmers Mut. Fire Ins. Co., 71 N.H. 445, 52 A. 860.