388 P.2d 56

COMMERCIAL STANDARD INSURANCE COMPANY OF FORT WORTH, TEXAS and Equitable Fire and Marine Insurance Company of Providence, Rhode Island, Plaintiffs-Appellees,

v.

Jack C. HITSON, Nell Hitson, Paul Williams, and Pat Williams, also known as Alice Williams, Defendants-Appellants.

No. 7311.

Supreme Court of New Mexico.

Dec. 30, 1963.

Dan B. Buzzard, Clovis, for appellants.

Gore & Nieves, Clovis, for appellees.

MOISE, Justice.

On September 25, 1957, the defendants-appellants, owners of a five acre tract of land in Curry County, New Mexico, borrowed $5,700.00 from Carlow, Schiller & Carlow, evidencing the same by a promissory note which was secured by a mortgage. On November 5, 1957, a fire and extended coverage insurance policy in the amount of $3,000.00 was obtained from each of the plaintiffs-appellees. Each policy contained a "standard mortgage clause," differing slightly in form, but identical in substance, as follows:

"Loss or damage, if any, under this policy, shall be payable to Carlow,

Schiller & Carlow, Taylor, Texas, mortgagee [or trustee] as interest may appear, and this insurance, as to the interest of the mortgagee [or trustee] only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee [or trustee] shall, on demand, pay the same.

\* \* \*

"Whenever this Company shall pay the mortgagee [or trustee] any sum for loss or damage under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, this Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee [or trustee] the whole principal due or to grow due on the mortgage, with interest accrued thereon to the date of such payment, and shall thereupon receive a full as-

signment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee [or trustee] to recover the full amount of [his, her or their] claim."

On March 11, 1958 defendants transferred the property by warranty deed to C. J. Stephenson, who assumed and agreed to pay the indebtedness to Carlow, Schiller & Carlow. The insurance policies with plaintiff companies were duly assigned and an endorsement attached showing the grantee in the deed as the insured.

On or about July 28, 1959, while the insurance policy was in force, the buildings on the property were destroyed by fire. In a lawsuit in which C. J. Stephenson was plaintiff and plaintiffs here were defendants, it was determined that the insurance companies (plaintiffs here) were not obligated to C. J. Stephenson. This result was reached because of a provision relieving the companies for loss occurring if the buildings were "vacant or unoccupied beyond a period of sixty consecutive days," it being established that at the time of the fire they had been vacant for a longer period.

On December 7, 1959, plaintiffs paid the mortgagee, Carlow, Schiller & Carlow, the sum of $3,988.34, being the unpaid balance due and owing on the note and mortgage. Plaintiffs took from the mortgagee the note

duly endorsed to them without recourse, and an assignment of the mortgage.

On September 22, 1961, this action was commenced seeking judgment for the unpaid balance of the note together with interest and attorney fees from defendants and from C. J. Stephenson, and foreclosure of the mortgage against them and additional defendants whose interests it is not necessary for us to notice.

C. J. Stephenson did not appear or answer in the case. After a motion to dismiss filed by defendants was overruled, they answered and filed a cross complaint asserting a right to recover from C. J. Stephenson any amounts of deficiency recovered by plaintiffs from them by virtue of Stephenson's agreement to assume and pay the indebtedness.

The cause was submitted to the court which made findings of fact generally as outlined above and concluded that plaintiffs should recover judgment as prayed from defendants and C. J. Stephenson,. jointly and severally. From judgment entered in accordance with the court's decision this appeal is prosecuted.

Four points relied on for reversal are set forth by defendants. The first three, argued together, present for decision the question of whether or not the payment of the note by plaintiffs extinguished the indebtedness of the defendants thereon. That it does is claimed by virtue of the fact that defendants were not parties to the insurance contract which contained the standard mortgage clause, and further because denial of coverage to Stephenson could not affect them since they were not parties to the insurance contract or the lawsuit in which it was determined that Stephenson had breached the contract.

■ First, we should remember that defendants were the makers of the note, and the assumption thereof by Stephenson and his agreement to pay the same did not release them from their obligation. Bradstreet v. Gill, 22 N.M. 202, 160 P. 354. See also, State ex rel. Com'rs of Land Office v. Pitts, 197 Okl. 644, 173 P.2d 923; Cave v. Belisle, 117 Colo. 180, 184 P.2d 869; Parrish v. Greco, 118 Cal.App.2d 556, 258 P.2d 566; Thompson v. Miller, 195 Va. 513, 79 S.E.2d 643; see note 41 A.L.R. 317.

■ Next, we should look to the wording of the mortgage clause. It clearly states that the insurance company's obligation to the mortgagee "shall not be invalidated by any act of the mortgagor or owner." Thus it is amply clear that regardless of defenses which the plaintiffs may have had against the defendants (mortgagors) or against Stephenson (owner), their liability to the mortgagee was unaffected. 5 Appleman, Insurance Law & Practice, 552, 559, § 3401; note in 124 A.L.R. 1034, 1038; Citizens State Bank of Clare v. State Mut.

Rodded Fire Ins. Co., 276 Mich. 62, 267 N.W. 785. The language of this latter case pertinent to the present discussion was quoted by us in Points v. Wills, 44 N.M. 31, 51, 97 P.2d 374, 386.

Finally, there is the provision that where the companies have paid the mortgagee, but "shall claim that as to the mortgagor or owner, no liability therefor existed" the companies are "subrogated to all the rights of the party to whom such payment shall be made under all securities held as collateral to the mortgage debt * * *." As we view this language, it clearly states that where the payment has been made to the mortgagee, but the insurance coverage had been voided for some reason, there was present a right in the insurance companies to recover back from the "mortgagor or owner." Here defendants are the mortgagors, and Stephenson the owner. It was Stephenson who caused the default, but the subrogation right is stated as being against either and the mortgagors were not entitled to claim that they were released by virtue of the payment by the insurance companies.

To our minds this is as it should be. If the rule were as contended by defendants, they would fortuitously have their obligation paid by insurance to which they were not parties and which had not been procured because of any duty owing to them. The insurance was obtained as security for the mortgagee, and if there had been no breach of the policy by Stephenson the payment of the indebtedness would have been for his benefit, and appellants' liability would have been discharged as if by him. McAlpine v. State Mutual Fire Ins. Co., 295 Mich. 456, 295 N.W. 224; Cronenwett v. Dubuque Fire & Marine Insurance Co., 44 Cal.App. 568, 186 P. 826. In this circumstance, his agreement with defendants to assume and pay the indebtedness would have been performed and defendants would have had their obligation paid by or on behalf of Stephenson. But where, in a situation such as is here present, Stephenson had lost the benefit of the insurance, the subrogation right granted in the standard mortgage clause manifestly authorized recovery by plaintiffs in like manner as the original mortgagee. This included the right to collect from defendants equally with Stephenson who had assumed the indebtedness and had defaulted thereon.

So far as we have been able to determine the authorities are uniform, or practically so, in their holdings. A case presenting issues very like ours is Savings Bank of Ansonia v. Schancupp, 108 Conn. 588, 144 A. 36, 63 A.L.R. 1521, from which we quote the following:

"* * * The effect of this mortgage clause is that from the time the policy becomes void as to the mortgagor the insurance is only in favor of the

mortgagee on its interest as such, and not an insurance on the property generally, to which the mortgagor, or his successor in interest therein, should be entitled. That the mortgagee should receive the primary benefit, and the insurers the opportunity for ultimate reimbursement, through such security as the mortgage note and mortgage may afford, accords with the general legal and equitable rights of the parties. Clark v. Trainor (1925) 237 Ill.App. 269, 274; note, L.R.A.1916A, p. 562. The insurers, through their subrogation, virtually occupy the position of a purchaser from the mortgagee for value. Insurance Co. of North America v. Martin, supra, page 226 of 151 Ind. (51 N.E. 361). The payment, by them, does not operate to reduce or extinguish the mortgage debt or discharge the mortgage, but to satisfy, *pro tanto,* the mortgagee's claim and assign it to the insurers, leaving it in full force as against the mortgagor and those claiming under him, with no right, on their part, to claim a reduction of the debt by the payment to the mortgagee. Allen v. Watertown Fire Ins. Co., 132 Mass. 480, 483; Badger v. Platts, 68 N.H. 222, 224, 44 A. 296; Walker v. Queen Ins. Co., supra [136 S.C. 144, 134 S.E. 263, 52 A.L.R. 259]; Hare v. Headley, 54 N.J.Eq. 545, 558, 35 A. 445; Cooley's Briefs on Law of Insurance (2d Ed.) Vol. 7, p. 6281, Vol. 3, p. 2390, and cases cited. To hold that under such circumstances, the insurance must be credited upon the mortgage debt would enable the mortgagor to get, indirectly, the benefit of insurance, the right to enforce which, directly and affirmatively, had been lost by breach of conditions of the policy. Clark v. Trainor, supra, p. 274 of 237 Ill.App. * * *"

The cases cited in the note in 52 A.L.R. 278, et seq., are all to the same effect. See, also, 2 Richards on Insurance (5th Ed.) 666, § 190.

Defendants rely on four cases cited in their brief. They are Fire Ass'n of Philadelphia v. Ward, 130 W.Va. 200, 42 S.E.2d 713; Labonte v. St. Paul Fire & Marine Ins. Co., 88 N.H. 219, 186 A. 6; Palisano v. Bankers & Shippers Ins. Co. (Sup.Ct. 1948) 193 Misc. 647, 84 N.Y.S.2d 637; and finally, Fire Association v. Patton, 15 N.M. 304, 107 P. 679, 27 L.R.A.,N.S., 420.

Our examination of these cases convinces us that the first two in no way support their position; but, on the contrary, support plaintiffs. True, there is a dissent in the first of these cases in which they may find some solace. However, an examination of the dissent discloses that it does not purport to be based upon decided precedents or authority, but rather upon a line of reasoning satisfactory to the author.

The Palisano case, supra, to which we were only cited the Supreme Court opinion, was affirmed by the appellate division, 276 App.Div. 523, 95 N.Y.S.2d 543, and further review denied, 277 App.Div. 945, 98 N.Y.S. 2d 664. Although there is language in this case which might be construed to support defendants' position, we would call attention to the fact that the decision resulted from the court's interpretation of the situation which arose because of elimination of the change of ownership clause from the New York standard form of insurance policy, and a holding that even after the mortgagors had conveyed the property without notifying the insurance company of the change of ownership, the policy remained a valid and enforceable policy insuring the original owners, who were the named assureds, "to the extent of any insurable interest which they had in the property." It is clear that the situation there ruled on differs from our case in that an obligation of the insurer was found to exist in favor of the previous owners who were liable as mortgagors. The appellate division makes this clear in the following quotation from the Supreme Court opinion in its affirming opinion:

"'While they no longer had any title to the property, they still had an insurable interest therein by reason of their personal liability upon the bond and mortgage which they had given to Clara Froschl. * * * When the insurance company paid the amount of the insurance policy to the mortgagee in this case, it not only performed its contract with the mortgagee, but it discharged an obligation which it owed to the named insured, the mortgagor.'"

In addition, we note that the case is criticized in a law review article appearing in 49 Columbia L.R. 866, from which we quote the following:

"* * * The court's decision in the instant case requires that where a present owner of mortgaged property is not its original mortgagor, an insurer's denial of liability to both of these parties is a prerequsite to its subrogation to a mortgagee's rights against either. Yet the use of the terms 'mortgagor' and 'owner' in the disjunctive would seem to indicate that non-liability to the owner alone should be sufficient ground for subrogation against him under the clause. In any event, the wording of this provision would appear to restrict its applicability to situations where the right of subrogation is asserted against a party who, but for his breach of condition, would have had an interest in the policy, and would seem unnecessary where the right is claimed against one who never joined in the policy at all."

Finally, a word must be said concerning Fire Association v. Patton, supra. An ex-

amination of that case convinces us that it stands for the proposition that the standard mortgage clause, like other parts of insurance policies, should be strictly construed against the insurer and in favor of the insured when the insurance company seeks to avoid liability by taking refuge in language which permits of more than one construction. It was there held that payment of a mechanics' lien by an insurer did not give rise to a subrogation right since a mechanics' lien was something different from a mortgage or deed of trust, and not to be included within those terms by construction of the policy provision to the disadvantage of the insured. We subscribe fully to this holding, but find in it nothing upon which defendants can support error in the trial court's judgment.

■ Point 4 of defendants' brief in chief is addressed to the trial court's failure to give them judgment over against C. J. Stephenson for any deficiency for which they might be responsible to plaintiffs. While not understanding the reasoning of the court in refusing judgment on the cross complaint against C. J. Stephenson, we note a jurisdictional block to our consideration of the problem. The notice of appeal was not addressed to defendant Stephenson, and so far as appears from the record it was not served on him. Under our Rule 7 (§ 21–2–1(7), N.M.S.A.1953) it is provided that "No party not so served shall be deemed an appellee" absent an order of

court bringing him in. Under the circumstances here present C. J. Stephenson is not a party, and we are not situated so as to be able to consider any claimed errors affecting his rights. The appellees here present have not answered Point 4 inasmuch as they have no interest therein. For the reasons stated, the judgment appealed from is affirmed.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.