HARTFORD FIRE INS. CO. *v.* GREEN *et al.*[*]

(Division B. Nov. 14, 1927. Suggestion of Error Overruled Jan. 9, 1928.)

[114 So. 865. No. 26633.]

INSURANCE. *Insurer, paying mortgagee, not proving that insurer was not liable to mortgagor, could not be subrogated to mortgagee's rights under subrogation provision (Hemingway's Code 1927, section 5854).*

Insurance company *held* not entitled, under subrogation provision of policy, under Code 1906, section 2596 (Hemingway's Code 1927, section 5854), to be subrogated to rights of mortgagee upon payment to mortgagee of amount due under mortgage, where insurance company did not allege that it "claimed that as to mortgagor or owner no liability therefor existed," and where no effort was made to introduce testimony to show that owner mortgagor was not entitled to recover for loss.

[*]Corpus Juris-Cyc. References: Fire Insurance, 26CJ, p. 457, n. 17; p. 464, n. 85, 88.

APPEAL from circuit court of Perry county.

HON. R. S. HALL, Judge.

Suit by Mrs. W. F. Green and another against the Hartford Fire Insurance Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

*T. J. Wills,* for appellant.

It was unnecessary to make an issue as to the fact that the policy had been avoided because, under a separate and distinct contract evidenced by the mortgage

clause attached, in conformity with section 5854, Hemingway's Code 1927, the full amount of the policy on the building was due and payable to the Building & Loan Association, of Jackson, Mississippi.

It will be observed that the defendant denied liability to Mrs. Green and then confessed judgment as to the Building & Loan Association for the full amount of the policy. The declaration sets up that the amount due the Building & Loan Association was more than the face value of the policy, and the plea admitted it, and stipulated the amount due, thereby showing an amount in excess of the face value of the policy.

When the proof introduced by the plaintiff established the fact that the mortgage to the Building & Loan Association assigned to it all that was due on the building under the policy, and that Mrs. Green had no interest therein, it became the duty of the court to enter the judgment in favor of the Building & Loan Association with an order of subrogation of its rights to the property contained in the mortgage to the defendant insurance company. *Bacot* v. *Phoenix Insurance Co.*, 96 Miss. 229, 50 So. 729.

It is perfectly apparent in this record that the purpose of joining Mrs. Green in the suit and entering judgment in her favor was to make the case *res adjudicata* to any proceedings that the insurance company might institute as the subrogatee of the rights of the Building & Loan Association, to other property embraced in the deed of trust. The Building & Loan Association, under the influence of Mrs. Green, declined to make settlement and subrogate the insurance company to its rights. It joined with her in the suit to recover on the policy. No defense was available against the Building & Loan Association for the reason that its interest in the property destroyed was greater than the amount of the policy. Under the rule announced in the *Bacot case, supra,* the contract with it was an independent contract and one against which

none of the defenses available against Mrs. Green could be interposed.

In the case at bar the insurance company was due the Building & Loan Association the face value of the policy. It admitted and confessed that it was entitled to judgment for that amount, and only asked that the provisions of the statute be carried out, and that it be subrogated to the rights of the Building & Loan Association under the mortgage. Mrs. Green was not entitled to recover. There was nothing due her. All her rights and titles were assigned to the Building & Loan Association. It was not proper and right to litigate her rights with the company when the company owed all the money under a separate contract to the Building & Loan Association. When the company was subrogated to the rights of the Building & Loan Association, if it was so vested, it could proceed against the insured, treating the policy as to her as having been avoided. In a suit of that character, the origin of the fire, as avoiding the policy, and the vacation of the building as avoiding the policy, would have been proper issues. But in the suit wherein the insurance company admitted that it owed the face value of the policy under a separate contract to another person or corporation, these questions were moot.

Mrs. Green had no interest in the policy as to the one thousand seven hundred fifty dollars on the building. She was not entitled to recover. The question as to whether the policy had been avoided or not by the acts of the owner was not an issue for the reason that under a separate and distinct contract that the owner of the building could not avoid by any of her acts, the insurance company was liable to the Building & Loan Association, of Jackson, Mississippi, for the face value of the policy. Mrs. Green was an improper party, and the judgment entered, although it did adjudge that she or someone for her burned the building, was an improper judgment, and its entry was error. The judgment tendered by the defendant was the proper judgment, and should have

been entered, and the judgment entered by the plaintiffs was an improper judgment. Its entry, therefore, was erroneous. *Palmer Savings Bank* v. *Ins. Company of North America,* 32 L. R. A. 615; *Bacot* v. *Insurance Company, supra.*

*W. S. Welch* and *Ellis B. Cooper,* for appellee.

At the close of the case for the appellees, appellant moved the court for a directed verdict. This was overruled. Appellant then moved the court to enter a judgment offered by it. The court will note that these judgments *do not* question appellant's liability for the full sum sued for. The only question presented is appellant's right to be subrogated to the rights of the Building & Loan Association. That is all. The basis of the right of subrogation is found in the "Mortgage Clause." It is there and nowhere else. The court will observe that the condition precedent to the right of subrogation is that the appellant *shall claim that it was not liable to appellee, Mrs. Green.* Where is there any such claim in this record? It is *not* in the pleadings. It is *not* in the evidence. According to the contract, no right of subrogation exists. As a matter of law none can exist.

This record shows that Mrs. Green *took out* and *paid for* this insurance. *It was for her benefit* and nor for the Building and Loan Association alone. 26 C. J. 461. Appellant has never claimed that there is no liability to Mrs. Green. It accompanies its insistence for subrogation with no claim of any kind. In *Anderson* v. *Insurance Company,* 2 Ont. 89, it was held that the provision for subrogation is not operative unless the insured has breached the contract and avoided the policy. It has been held that before the insured is entitled to subrogation *it must not only claim no liability to the insured but the insured must establish and prove this fact. Sun Ins.* v. *Heiderer,* 44 Colo. 293, 99 Pac. 39; *Agricultural Ins. Co.* v. *Race,* 142 Ill. 338, 31 N. E. 392; *Lowenstein* v. *Ins.*

*Co.*, 227 Mo. 100, 127 S. W. 72; *O'Neill* v. *Ins. Co.*, 149 N. Y. S. 432.

The judgment referred to by counsel for appellant in his brief was tendered by him. There is nothing in the judgment offered and entered by appellee to warrant his conclusion.

HOLDEN, P. J., delivered the opinion of the court.

The suit is to recover against the appellant insurance company for the loss of a house and furniture by fire, under a policy issued to the appellee Mrs. Green, with loss payable clause in favor of the Jackson Building & Loan Association to cover a mortgage on the property to secure the payment of about one thousand seven hundred fifty dollars, and the total amount due for the loss was more than the amount due the mortgagee loan company. From a judgment in favor of Mrs. Green and the mortgagee, this appeal is prosecuted.

At the trial, the insurance company pleaded the general issue, and filed a special plea, which is in the following language:

"Comes the defendant, by its attorney, and for a special plea in this behalf, says that the defendant admits that it owes the plaintiff the Building & Loan Association, of Jackson, Miss., the said sum of one thousand seven hundred fifty dollars, claimed under said policy for the loss of the building destroyed by fire, and for which this suit was filed, and that said sum is due under the loss payable clause attached to and forming a part of said policy so sued on; that the total amount of said sum due by the said Mrs. Green, for which said loss payable clause protects, to the Building & Loan Association, of Jackson, Miss., is one thousand eight hundred seventy-nine dollars; that the total sum due by defendant to said Building & Loan Association is one thousand seven hundred fifty dollars, being the full face of said policy, which is less than the interest of said Building

& Loan Association is made to appear; that the defendant is entitled to have the said rights of the Building & Loan Association subrogated to it (this defendant), with all the securities held by it assigned to this defendant. Defendant further makes known to the court in this plea that it is willing for a judgment to be entered for and on behalf of the Building & Loan Association, of Jackson, Miss., for the full amount sued for herein, since its interest is made to appear to be more than the amount sued for in this cause; that under the terms of the policy it is entitled to have the rights of said Building & Loan Association, of Jackson, Miss., assigned to it and to be subrogated to all the rights of said Building & Loan Association; that the said Mrs. Green has no right to recover, since all of her rights are assigned under said mortgage loss payable clause to the Building & Loan Association, of Jackson, Miss., and this the defendant is ready to verify.

"T. J. WILLS, Attorney for Defendant."

Issue being joined in the pleadings, the case was tried on its merits. The plaintiffs made out their case by proof, and the defendant offered no testimony, but relied upon a certain provision of the policy to sustain its special plea. The court instructed the jury peremptorily to find for the plaintiff.

The provision of the policy, which is urged by the appellant in support of its special plea, reads as follows:

"Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy, and shall claim that, as to the mortgagor or owners, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due or to grow due on

the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of its claim."

As we understand the argument of counsel for appellant, it is contended that the insurance company is entitled to be subrogated to the rights of the Building & Loan Association, and that the mortgage be assigned to the insurance company upon its payment of the amount due thereunder to the mortgagee.

It will be observed that the special plea does not allege that the insurance company "claims that, as to the mortgagor or owner, no liability therefor existed;" nor was there any effort made to introduce testimony to show that the owner, Mrs. Green, was not entitled to recover for the loss. Consequently, as there was no plea, nor any proof offered toward the establishment of such a claim that "no liability existed therefor in favor of the mortgagor or owner," as provided in the policy, and relied upon by the appellant herein, the subrogation provision of the policy we think is inapplicable in the case. See section 2596, Code 1906 (section 5854, Hemingway's Code 1927).

The authorities elsewhere seem to universally hold that, whenever the particular provision here involved is invoked in any case in favor of the insurance company, the necessary facts must be pleaded and proven in order to come within the provision. Nothing of that sort was done in the case before us; and to hold that the insured, under such circumstances, should be held liable to the insurance company under the subrogated mortgage clause, would be wholly without reason or justification under the terms of the insurance contract.

The judgment of the lower court is affirmed.

*Affirmed.*