McALPINE *v.* NATIONAL FIRE INS. COMPANY OF HART-FORD, CONN.

1. INSURANCE—FIRE—CANCELLATION OF POLICY—EVIDENCE—CON-TINUING KNOWLEDGE OF AGENT.

Express agreement between insured and insurance agent that former would cancel then existing insurance immediately upon issuance of policy of fire insurance by latter's company *held,* to negative inference that agent's knowledge of such existing insurance would be deemed to continue and bind new insurer for a longer time than was reasonably necessary to cancel first policy.

2. SAME—OTHER FIRE INSURANCE—CANCELLATION.

Under standard provision relieving insurer from liability under fire policy in case insured has other coverage unknown to in-surer on property covered by its policy, where insured made no effort to cancel previous insurance after receiving defendant insurer's policy and there is no showing that sufficient time had not elapsed to permit such cancellation, defendant is *held,* not liable for loss occurring over six weeks after delivery of policy (3 Comp. Laws 1929, § 12572).

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SUSPENSION OF
    OTHER FIRE INSURANCE POLICY.
    Claim that previously issued policy by another insurer had been
        suspended, not presented in circuit court by pleadings nor con-
        sidered on the hearing, may not be urged on appeal where
        defendant insurer defended suit for reformation and money
        decree for fire loss on ground that at time of loss insured had
        other coverage unknown to defendant.

Appeal from Huron; Boomhower (Xenophon A.),
J. Submitted April 15, 1937. (Docket No. 92, Cal-
endar No. 39,437.) Decided June 7, 1937.

Bill by Duncan D. McAlpine and others against
National Fire Insurance Company of Hartford,
Connecticut, a foreign corporation, to reform an in-
surance policy and for a money decree. Decree for
plaintiffs. Defendant appeals. Modified.

*Kern & Ransford, Alfred Sauer* and *Leibrand &
Leibrand,* for plaintiffs.

*Hubert J. Gaffney,* for defendant.

FEAD, C. J. This is a bill to reform an insurance
policy as to the name of the mortgagee in the loss
payable clause and for money judgment against
defendant. Plaintiffs had decree. The money judg-
ment against defendant included damages for loss
of personal property and for barn. No complaint
is made as to reformation or the personal property
damage, but the issue here is as to the fire loss on
the barn.

The issue revolves around the policy provision, 3
Comp. Laws 1929, § 12572:

"Unless otherwise provided by agreement in writ-
ing added hereto this company shall not be liable
for loss or damage occurring

"(a) while the insured shall have any other contract of insurance, unknown to this company or its agent, on property covered by this policy."

Plaintiffs McAlpine had their barn insured in the State Mutual Rodded Fire Insurance Company for $2,000. The company reduced the insurance to $1,500, and plaintiffs wanted more coverage. They called on Fred Wright, agent of defendant. After investigation, Wright took an application from the McAlpines covering the barn at $2,000, in which application, in answer to a question, Wright wrote that there was no other insurance on the barn although he knew it was covered by the Mutual policy. He warned the McAlpines that their application might not be accepted by defendant and they should not cancel the Mutual policy until his company should issue one. Although they disagree as to details, it is clear, both from the pleadings and testimony, that when Wright delivered the policy he and the McAlpines agreed that the latter would cancel the Mutual policy at once. McAlpine said he forgot to cancel it, although he cancelled some other Mutual policies. Defendant's policy was dated May 7, 1932. The fire occurred June 23, 1932. The Mutual policy had not been cancelled and Wright had received no notice or information in regard thereto after he delivered defendant's policy.

Defendant relies on the terms of the contract and claims the policy was inoperative because neither it nor its agent knew of the other insurance at the time of the loss. Plaintiffs claim that the provision against the other insurance was not breached because (1) Wright knew of the Mutual policy, and (2) the Mutual policy had been suspended and was not in effect at the time of the loss.

Wright was guilty of no misrepresentation or concealment which would excuse the McAlpines

from the contract consequences of their failure to cancel the Mutual policy. The express agreement for its cancellation negatives an inference that Wright's knowledge of the Mutual policy would be deemed to continue and bind defendant for a longer time than was reasonably necessary to cancel it. Wright testified that a company rule allowed usually 5 to 10 days for purposes of cancellation. As the McAlpines made no effort to cancel, and there was no showing nor claim that sufficient time had not elapsed to permit the cancellation, the policy clause was operative and prevents recovery, unless the Mutual policy was not in force at the time of the fire.

The plaintiffs' present claim that the Mutual policy had been suspended was not presented in circuit court. No testimony was taken to show the status of the policy and in their pleadings they raised no such issue but, on the contrary, admitted that the Mutual policy was in force and that they were carrying double insurance. Defendant had the right to rely upon the pleadings and, as the point of suspension of the Mutual policy was not raised therein nor considered upon the hearing, it cannot now be urged.

Decree will be modified to eliminate the money judgment against defendant for the damage to the barn, with costs to defendant.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.