McALPINE *v.* STATE MUTUAL FIRE INS. CO. OF MICHIGAN.

1. INSURANCE—FIRE POLICIES—SUSPENSION FOR ADDITIONAL INSURANCE IN ANOTHER COMPANY.

> A holding in an action on a fire insurance policy that, because there had been no showing made that insured had not had a reasonable time within which to cancel the policy of a previous insurer, defendant insurer's policy was not in effect at time fire loss occurred was, in effect, an adjudication that the cause of suspension of such previous insurer's policy had been removed at the time of the loss, where such previous policy provided it was to stand suspended if additional insurance were thereafter taken in another company unless disclosed to the previous insurer and secretary's consent indorsed on policy.

2. SAME—MORTGAGES—SUBROGATION—DENIAL OF LIABILITY TO MORTGAGOR.

> Under mortgage clause of fire insurance policy whereby insurer could pay fire loss to mortgagee, deny liability to mortgagor, and be subrogated *pro tanto* to mortgagee's rights, insurer was not entitled to subrogation and assignment of mortgage upon payment of loss to mortgagee where denial of claim to mortgagor was not based upon legal rights.

3. SAME—LIMITATION OF ACTIONS—ARBITRATION—MUTUAL FIRE COMPANIES.

> One-year statutory limitation on suits and actions at law on mutual fire insurance policies and charter provision requiring submission of disputes to arbitration are inapplicable to suit by insured against insurer, who had paid fire loss to mortgagee and obtained assignment of mortgage which it then proceeded to foreclose, to set aside foreclosure proceedings, cancel the assignment, and declare the mortgage and note paid since the suit is not on the policy of insurance to recover a loss thereunder (3 Comp. Laws 1929, § 12616).

4. SAME—MORTGAGES—ASSIGNMENT — SUBROGATION — FRAUD — EVIDENCE.

> In suit by insured mortgagor against insurer and mortgagee to set aside foreclosure proceedings by insurer which it had instituted after obtaining assignment of mortgage from mort-

gagee upon payment of fire loss to mortgagee, cancel assignment and declare mortgage and note paid, failure to support allegation of fraud relative to assignment of mortgage by proof *held,* immaterial where proofs otherwise entitled plaintiff to relief irrespective of existence of fraud incident to such assignment and allegations of bill were sufficient to cover proofs presented.

5. Same—Election of Remedies—Fire Loss—Action Against Different Insurers.

Where one, insured under a mutual fire policy with defendant, obtained a policy in a second company without cancelling previous policy or notifying defendant of the additional coverage, first sued second insurer for fire loss, such action did not constitute an election of remedies barring suit to set aside defendant's foreclosure proceedings, cancel assignment of mortgage, and declare mortgage and note paid, where plaintiffs had no remedy in the first action instituted.

6. Election of Remedies—Absence of Remedy.

Action against one party does not constitute an election of remedies barring suit against another party where plaintiff had no remedy against party first sued.

Appeal from Huron; Boomhower (Xenophon A.), J. Submitted October 23, 1940. (Docket No. 32, Calendar No. 41,196.) Decided December 10, 1940.

Bill by Duncan D. McAlpine and wife against State Mutual Fire Insurance Company of Michigan and State Savings Bank of Gagetown to cancel a sheriff's deed, note, mortgage and assignment of mortgage, and for an accounting. Decree for plaintiffs. Defendant insurance company appeals. Affirmed.

*Ronald R. Weaver* and *James R. Breakey, Jr.,* for plaintiffs.

*Leibrand & Leibrand,* for defendant insurance company.

Chandler, J. Prior to June 23, 1930, plaintiffs were the owners of certain farm land located in

Huron county, Michigan. On the date mentioned, they executed a mortgage to the defendant bank in the amount of $1,350 as security for a loan by said bank to them in that amount. The buildings on the premises had been insured by previous owners with appellant, the barn, which subsequently burned, being insured for $1,500.

On May, 7, 1932, plaintiffs obtained a second policy of insurance with the National Fire Insurance Company of Hartford, Connecticut, without first cancelling the policy with appellant. At no time did plaintiffs take steps to cancel appellant's policy.

On June 23, 1932, a fire destroyed the barn. Immediately thereafter, Mr. McAlpine took the National policy to Mr. Woodworth, his attorney, to examine with a view to collection thereon. Before any steps were taken, however, Mr. Purdy, president of the defendant bank, induced Mr. McAlpine to obtain this policy from Woodworth and turn it over to him, stating that he would have the bank's attorney look after the matter and plaintiffs would thereby save $200 in attorney fees. Purdy then had both policies in his possession.

On June 20, 1933, suit on the National policy was instituted in the Huron county circuit court in the name of the present plaintiffs, and on the same day a suit was instituted in the Tuscola county circuit court by the defendant bank against appellant to recover the loss as mortgagee under the mortgage clause attached to appellant's policy.

The first suit resulted, on appeal, in a decision for the National Fire Insurance Company against plaintiffs, reported as *McAlpine* v. *National Fire Ins. Co. of Hartford, Conn.*, 280 Mich. 282. The Tuscola county case against appellant remained dormant until after the aforementioned decision. On October 29, 1937, appellant admitted its liability to the de-

fendant bank under the mortgage clause, paid the sum of $1,485 in satisfaction of such liability, and took an assignment of the mortgage in accord with the following provision contained in the mortgage clause:

"Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy; and shall claim that as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payments shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of their claim."

On December 9, 1937, appellant commenced foreclosure proceedings, resulting in a sale on March 21, 1938, at which time appellant bid the sum of $1,856.02 for the property.

On June 24, 1938, the bill of complaint herein was filed, praying, among other things, that the sheriff's deed on foreclosure be cancelled; that the note and mortgage be declared paid, discharged and cancelled; and that the assignment of the mortgage to appellant be cancelled. The trial court entered a decree in favor of plaintiffs, and the State Mutual Fire Insurance Company of Michigan has taken this appeal.

The bylaws of appellant provide that,

"The insurance on any property stands suspended * * * if any additional insurance be hereafter taken in another company, unless this company is advised

of the same and the consent of the secretary be indorsed on the policy."

The word "suspended" is defined in said bylaws as follows:

"Whenever either the word 'suspends' or 'suspended' is used in this policy it shall be construed to mean that the insurance on the policy or property, as the case may be, immediately stands suspended without notice or action by the officers of the company, until the condition or act which caused the suspension shall be removed by the insured, or by the secretary of the company. Should a loss occur during the time the insurance on the property or policy stands suspended the company shall not be liable for said loss, or damage without regard to what caused the loss or where or how the fire originated."

It is to be noted that the bylaws do not provide that a policy shall be void in the event of additional insurance, but that, in such event, the policy shall stand suspended. Also, that reinstatement of the policy results when the cause of the suspension is removed.

In *McAlpine* v. *National Fire Ins. Co. of Hartford, Connecticut, supra,* the policy sued upon contained a provision for nonliability of the insurer for loss occurring, "(a) While the insured shall have any other contract of insurance, unknown to this company or its agent, on property covered by this policy." Plaintiffs had agreed with the agent for the National company that the policy with appellant would be cancelled and we held that, in view of the agreement, the policy was operative only for a period of time reasonably necessary to enable plaintiffs to cancel the policy with appellant. The testimony showed that 5 to 10 days were usually allowed for cancellation under such circumstances. Because

there had been no showing made that plaintiffs had not had a reasonable time within which to cancel appellant's policy, we held that the policy of the National company was not in effect at the time the fire occurred. This was, in effect, an adjudication that the cause of suspension of appellant's policy had been removed at the time of the loss.

Was appellant entitled to be subrogated to the rights of the bank in the mortgaged premises upon paying the loss to the bank? The mortgage clause, quoted *supra,* provides for subrogation upon payment to the mortgagee and claim that as to the mortgagor or owner no liability exists. Appellant denied liability to plaintiffs for the loss, claiming that the policy had been suspended. The claim, however, as we have seen, was not based upon legal rights. It was a mere assertion of an invalid claim as the policy was not suspended at the time the loss occurred. Appellant was not entitled to subrogation and assignment of the bank's mortgage. See *Cronenwett v. Dubuque Fire & Marine Ins. Co.,* 44 Cal. App. 568 (186 Pac. 826); *Sun Ins. Office* v. *Heiderer,* 44 Col. 293 (99 Pac. 39); *Traders Insurance Co.* v. *Race,* 142 Ill. 338 (31 N. E. 392); *Frontier Mortgage Corp.* v. *Heft,* 146 Md. 1 (125 Atl. 772); *Hartford Fire Ins. Co.* v. *Green,* 148 Miss. 627 (114 South. 865); *Loewenstein* v. *Queen Ins. Co.,* 227 Mo. 100 (127 S. W. 72).

Article 5 of appellant's charter provides for the submission to arbitration of any dispute pertaining to a loss or damage or the payment thereof, and that no suit at law or equity shall be maintained by the loser or beneficiary to determine such dispute. Appellant claims plaintiffs cannot maintain their action because of the charter provision and because of 3 Comp. Laws 1929, § 12616 (Stat. Ann. § 24.466), which provides:

"No suit or action at law for the recovery of any claim for loss or damage under a policy issued by any company organized or operating under this chapter shall be sustainable in any court of law or equity unless commenced within twelve months next after the liability shall have accrued."

This is not a suit on the policy of insurance to recover a loss thereunder. The provisions relied upon have no application to this proceeding.

It is also claimed that plaintiffs must fail because the alleged fraud in the bill of complaint relative to the assignment of the mortgage to appellant was not supported by the proofs. The facts shown entitled plaintiffs to the relief sought regardless of whether or not fraud existed between the bank and appellant in connection with the mortgage assignment, and the allegations of the bill of complaint were sufficient to cover the proofs presented.

Appellant urges that the suit against the National Fire Insurance Company was an election of remedies and is a bar to this suit. Plaintiffs had no remedy in suing upon the National policy and that proceeding in no way is a bar to the present suit.

The decree is affirmed, with costs to plaintiffs.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, MC-ALLISTER, WIEST, and BUTZEL, JJ., concurred.