HOME INS. CO. OF NEW YORK *v.* NORTHINGTON.

(In Banc. Oct. 22, 1945.)

[23 So. (2d) 537. No. 35927.]

**Jones & Ray,** of Jackson, for appellant.

652

W. C. Sweat, of Corinth, for appellee.

· **Griffith, J.**, delivered the opinion of the court.

A little while before the date next to be mentioned appellee applied to the Federal Land Bank for a loan of $1200 on his homestead, his purpose being to pay off all the mortgages then existing on the property. The Bank agreed to make the loan provided a fire insurance policy for $500 covering the residence were procured, with loss payable clause to the Bank. On November 25, 1926, appellee requested appellant insurance company to issue the policy, which was done on December 3, 1926. The policy which was issued contained the usual stipulations rendering the policy void if at the time of its issuance the property was mortgaged, or if it should be thereafter mortgaged without the written consent of the company.

The testimony is sufficient to show that the soliciting agent of the insurance company knew at the time he accepted the application that the property was mortgaged, and knew that the purposes for which the loan from the Land Bank was being obtained was to pay off the existing mortgages with the proceeds of the Bank loan, which knowledge is evidenced in part by the fact that the agent who filled out the application wrote therein that the property was subject to a mortgage in favor of the Land Bank, when the agent then knew that there was no mortgage to the Land Bank, and he wrote the application in this form because he knew that the Land Bank

encumbrance subsequently to be made was to take the place of those then existing.

The mortgage to the Land Bank was executed on April 7, 1927, and when the money came, all the mortgages resting upon the property at the time of the issuance of the policy were cancelled of record, but it was found that the loan money was insufficient by about $200 to pay all the encumbrances and appellee procured the needed money as a mortgage second to that of the Land Bank encumbrance, the date of this second mortgage being April 13, 1927. This second mortgage was fully paid and cancelled of record on December 16, 1927.

On October 2, 1931, before the expiration of the five-year term of the policy, the insured residence was totally destroyed by fire, of which proof of loss was duly made, but the insurance company denied any liability to the insured, and admitted liability to the Land Bank only on condition that the Land Bank upon payment to it would issue to the insurance company a subrogation receipt, which was done on May 5, 1932.

Appellee continued to make the annual contract payments on the Land Bank mortgage until paid in full, when taken with the $500 paid by the insurance company to the Bank. Thereupon appellee called upon the Bank to cancel the mortgage held by it, but the Bank declined to do so on account of the outstanding subrogation receipt. Appellee filed his bill against both the Land Bank and the insurance company praying the cancellation of the mortgage and of the subrogation receipt, and the court awarded the relief prayed.

The insurance company defended on the ground that the insurance policy was void and of no effect because (1) at the time of its issuance the property was encumbered, and (2) because of the subsequent encumbrance without its consent. Inasmuch as the soliciting agent knew of the encumbrances existing at the time of the issuance of the policy, their existence did not affect the validity of the policy, as we have often heretofore held; and as

to the subsequent encumbrance it was fully paid and discharged long before the fire.

In Insurance Co. v. Pitts, 88 Miss. 587, 592, 41 So. 5, 7 L. R. A. (N. S.), 627, 117 Am. St. Rep. 756, 9 Ann. Cas. 54, the Court cited with approval Elliott on Insurance, Sec. 205, and Born v. Home Ins. Co., 110 Iowa, 379, 81 N. W. 676, 80 Am.St. Rep. 300, and Freeman's note to that report. And this note is as follows: "The general rule to be deduced from the weight of authority is, that the violation of a condition in a policy of insurance which works a forfeiture thereof merely suspends the insurance during the violation, and that if such violation is discontinued during the life of the policy and is nonexistent at the time of the loss, the policy revives, the insurance is restored, and the insurer is liable, although he has never consented to a violation of the conditions." The policy had, therefore, been restored to full force at the time of the loss, and the company thereby became indebted to the insured for the full amount of the residence coverage, to wit, $500.

Obviously no subrogation may arise in favor of a party against another when the payment was of a debt owed by the payer to the party against whom he claims the subrogation. When the insurance company paid the fire loss to the mortgagee, the Land Bank, the legal effect thereof was the same as if the payment had been made to the insured, the mortgagor, to whom the insurance company owed it, and the mortgagor had thereupon transmitted it forthwith in full to the mortgagee—with the result that the liability of the insurance company for the loss on the residence was extinguished, and the payment to the mortgagee became unqualified, with no right of subrogation inherent therein. The attempted subrogation agreement between the insurance company and the mortgagee was wholly invalid, and since with the payment made by the insurance company the mortgage debt has been fully liquidated, appellee was en-

titled to the relief prayed and awarded, that is to say, the cancellation of the mortgage and of the subrogation receipt.

The stated conclusion takes out of the case the other contentions presented, and they need not be pursued.

Affirmed.