## CROWSON *v.* BRIDGES

No. 40002　　　　March 5, 1956　　　　85 So. 2d 810

*Boydstun & Boydstun,* Louisville, for appellant.

*J. Hoy Hathorn,* Louisville, for appellee.

HALL, J.

In the year 1952, E. O. Crowson, a citizen of Winston County and a building contractor, was engaged in the construction of a dwelling house in Macon, Mississippi. Otis Bridges was a painter and Crowson employed Bridges to do the painting on this house and to engage other painters to assist him. Bridges lived in Winston County and the helpers which he employed apparently lived in Winston County. Crowson agreed to pay Bridges $1.65 per hour for his work and to furnish all materials used and to pay the wages of all helpers on the job and also to pay Bridges $4 per day for the use of his pickup truck in traveling and transporting himself and his helpers each morning and evening to and from the job.

Crowson obtained from Maryland Casualty Company a comprehensive policy covering his operations and also covering the use of motor vehicles. While Crowson only was named as the insured, nevertheless under the terms of the policy Bridges was insured while going to and from his work in his own automobile and Crowson paid the additional premium for this insurance.

On July 10, 1954, while Bridges was returning from Macon to his home at Louisville, his pickup truck was involved in a collision with an automobile driven by

Jack Ingram. Ingram thereafter brought suit against Bridges, and Maryland Casualty Company, in recognition of its liability under said policy, undertook the defense of said suit on behalf of Bridges and later, without the knowledge or consent of either Crowson or Bridges, it paid $2,500 in settlement of said suit.

Thereafter on June 6, 1955, this suit was brought by the attorneys for Maryland Casualty Company in the name of E. O. Crowson against Otis Bridges for the recovery of $2,500 on the ground that Bridges was an employee of Crowson at the time of said collision and was liable in indemnity to Crowson for the amount paid in settlement of said suit. Crowson was not consulted about the filing of the suit and did not even know of the suit until some time after its filing. While Maryland Casualty Company is not mentioned in the declaration, it is in fact the real plaintiff in the suit and claims the right to bring the suit under the subrogation clause in the policy. Bridges filed a special plea setting up the fact to be that Maryland Casualty Company was the real plaintiff. A copy of the policy was exhibited with the plea which plainly shows that Bridges, while not named in the policy by name, was actually insured under the policy. The special plea denied liability to Maryland Casualty Company and also set up the fact to be that it could not claim subrogation under the terms of the policy, that Bridges was not liable under the subrogation clause and that to permit a recovery by Maryland Casualty Company would amount to a complete circuity of action which is not permitted under the law. The plea is quite lengthy and it is unnecessary to quote it in full herein but it does set up the fact to be that the settlement was made by Maryland Casualty Company without the knowledge or consent of either Crowson or Bridges. The circuit judge heard evidence on the special plea and entered an order sustaining it and dismissing the suit, from which action this appeal is prosecuted in the name of

Crowson, who did not sign the appeal bond but whose name was signed thereto by the attorney for Maryland Casualty Company, and the bond is also signed by Maryland Casualty Company as surety.

██ █ If, without the aid of insurance in favor of Bridges, Crowson, the employer, had been compelled to make compulsory outlays, Crowson would be able to maintain the s u i t for himself, Granquist v. Crystal Springs Lumber Company, 190 Miss. 572, 1 So. 2d 216, ██ █ but we cannot extend the rule in favor of an insurance company which has made outlays under the terms of a policy covering the employee. Home Insurance Company v. Northington, 198 Miss. 650, 23 So. 2d 537. See also Maryland Casualty v. Employers Mutual Liability Insurance Company, 208 F. 2d 73. We think the lower court was correct in its decision and the decree appealed from will accordingly be affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.